HUNTER, Warden v. FACCHINE.

No. 4411.

United States Court of Appeals, Tenth Circuit.

April 16, 1952.

Eugene W. Davis, Ass't U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Topeka, Kan., on the brief) for appellant.

Walter O. Cass, Denver, Colo., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellee was sentenced to a term of 4 years in the Federal Penitentiary at Leavenworth, Kansas. He sought release from custody, contending that he had served the required time. This appeal is taken from a judgment in his favor.

The question presented by this appeal is the method required in computing and crediting him with good time under 18 U.S.C.A. § 4161. So far as material, § 4161 provides that a prisoner, who has observed all the rules and has not been subject to punishment, shall be entitled in the case of a sentence of not less than 3 years and less than 5 years to a deduction of 7 days per month, "beginning with the day on which the sentence commences to run, *to be credited as earned and computed monthly*".[1]

Prior to the passage of this section, the Prison Bureau had set up an accounting system by which upon his entry into prison it credited an inmate with all the good time he could earn throughout his entire sentence. Thereafter, if he violated the prison rules, the prison authorities forfeited all or such part of this credited good time as they thought appropriate and proper under the circumstances of the case. Under this system, in the case of a 15 year sentence, if a violation of prison rule occurred one day after entry of his servitude, it was possible for the authorities to forfeit all good time the prisoner could earn and require him to serve the full 15 year sentence. Obviously such a prisoner would have no incentive for good behaviour thereafter. It was to correct this that persons, including the Bureau of Prisons, interested in the improvement of the prison system strongly recommended the change made in the revised section.

Thereafter the Bureau of Prisons revised its method of computing and crediting good time in what it no doubt thought was compliance with the revised section. It discontinued the system of crediting all good time to be earned by the prisoner upon entry of his servitude. Using the 4 year sentence in this case as an example, it adopted the following formula. It multiplied 48, the number of months of the sentence, by 7, the statutory number of days of good time per month, which gave 336 days of good time for the full number of months of the sentence. It then deducted this from 1460, the total days in the 4 year sentence, leaving 1124 days, or approximately 37 months to be actually served. It then concluded that to credit the prisoner with 336 days earned good time over the 37 months of actual incarceration, it was necessary to credit him with the quotient of 336 divided by 37, or 9 days, instead of the statutory 7 days per month, in order to make the days actually served in 37 months, plus the 336 days of good time computed over a period of 49 months, at 7 days per month, equal 1460 days, the total days of the 4 year sentence. In this we think the Bureau misconstrued the clear language and mandate of the new section and in part re-established the old practice of crediting future good time to months actually served, which the new section sought to abolish.

The new section does not require that this prisoner be credited with 7 days per month for 48 months, or a total of 336 days. It requires only that each month he be credited with the days actually served and an additional 7 days for earned good time

---

1. Emphasis supplied.

and that these 7 days be credited monthly, as the months go by. When a point is reached where the actual days served plus the total credits of 7 days for each month actually served equals 1460 days, the total days of the 4 year sentence, the prisoner is entitled to his release.

It is of course apparent that the method set up by the Bureau is more beneficial to those persons who are amenable to prison rules. Obviously they will be required to serve longer, if credited with only 7 days per month, rather than 9 days per month, as time goes by, but that problem was for Congress and was resolved by it in the adoption of the new section. We think there is no ambiguity in the statute and that its clear language requires that 7 days per month be computed monthly, as the months go by, and not 9 days per month, as provided by the Bureau's rules. It is conceded that so computed appellee has served his time and was entitled to release.

Affirmed.