Walter June **PULLIAM**, Appellant,

v.

C. H. **LOONEY**, Warden and U. S. Board of Parole, Appellees.

No. 5098.

United States Court of Appeals
Tenth Circuit.

July 29, 1955.

588b(a) (now Title 18 U.S.C. § 2113(a) ). He was given a conditional release prior to the expiration of his maximum sentence and sometime before he was entitled thereto under the statutory formula prescribed in Title 18 U.S.C. § 4161 as construed by this court in Hunter v. Facchine, 195 F.2d 1007. Before the expiration of his maximum term Petitioner was rearrested upon a warrant issued by the Board of Parole, and after a hearing, his parole was revoked and he was returned to Federal custody to serve the remainder of his originally imposed sentence.

Without denying violation of his parole, Petitioner simply contends that, having been prematurely released, the Board lacked jurisdiction to take him into custody and to revoke such conditional release.

Title 18 U.S.C. § 4205 gives sole jurisdiction and authority to the Board of Parole to issue a warrant for retaking any United States prisoner for violation of his parole during the maximum term of his sentence. Zerbst v. Kidwell, 5 Cir., 92 F.2d 756, affirmed 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; United States ex rel. Jacobs v. Barc, 6 Cir., 141 F.2d 480; Bowers v. Dishong, 5 Cir., 103 F.2d 464. And the fact that he was prematurely released under an erroneous application of the statutory formula in no way affects the jurisdiction of the Board to revoke the conditional release. Hunter v. Facchine, supra, relied upon by the Petitioner dealt solely with the method of computation of statutory good time. It was in no way concerned with the question of jurisdiction of the Parole Board to revoke a conditional release within the maximum term of the sentence.

Judgment is affirmed.

Edward L. True, Denver, Colo., for appellant.

Royce D. Sickler, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., was with him on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

In this proceedings in habeas corpus Petitioner, Walter June Pulliam, challenges the legality of his confinement for lack of jurisdiction of the United States Board of Parole to issue its warrant for his rearrest as a conditional release violator. He appeals from an order discharging the writ.

Pulliam received a ten-year sentence in the Federal Penitentiary at Leavenworth, Kansas, upon his plea of guilty to a charge of violation of Title 12 U.S.C. §