**Paul H. NELSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5143.**

United States Court of Appeals Tenth Circuit.

Aug. 19, 1955.

but consecutively with the five-year sentence, making a total of six years and one day to be served. The five-year sentence was later reduced to four years.

R. T. Robberson, Denver, Colo., for appellant.

Milton P. Beach, Oskaloosa, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., and Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order revoking probation and making effective a previous prison sentence of a year-and-a-day. On September 8, 1950, the appellant, Paul H. Nelson, on a plea of guilty was convicted on four counts of an information charging him with violations of 18 U.S.C.A. § 2314. He was sentenced to serve eighteen months' imprisonment on the first count. The passing of sentence was deferred on the remaining three counts, and probation was granted for a period of five years upon Nelson's release after serving the eighteen months' sentence.

While at large under this probation, on February 9, 1952, Nelson again pleaded guilty to a four-count information which also charged him with violation of Section 2314. On this conviction he was sentenced to serve a term of five years on each count, the sentences to run concurrently. The case was in the same court where Nelson first was convicted, and the court entered an order revoking probation and imposed a sentence of one year-and-a-day on each of the three counts of the first information. These sentences were to run concurrently with each other,

Nelson entered upon the service of the four-year sentence and when he was almost eligible for conditional release, he made application to the court for restoration of probation on the last three counts of the information in the first case. On August 19, 1954, the court considered the application and granted it. The order provided that the terms and conditions of the probation, in addition to those customarily imposed, should run concurrently with the terms of a conditional release from the United States Penitentiary at Leavenworth, Kansas; that the plan of residence and employment approved by the Board of Parole would also be the plan under the probation order; and, lastly, that the court retain jurisdiction for two years to revoke the probation order.[1] Thereafter, Nelson wrote the court, "to acknowledge receipt of your Order of August 19th reinstating my probation". He stated that he would, "sincerely endeavor to comply with all the terms and conditions thereof". On November 30, 1954, Nelson was given a conditional release by the United States Parole Board, the conditions of which provided in part that he would live and remain at liberty without violating the law and that he would not leave the District of Kansas without first obtaining the written permission of the probation officer. Shortly after his conditional release, Nelson, without the permission of the probation officer, written or otherwise, left the District of Kansas and went to Denver, Colorado, and later to Minneapolis, Minnesota, where he obtained money from relatives of two inmates at the United States Penitentiary

---

1. The pertinent part of the probation order reads:

"Upon consideration thereof, the court grants the application for probation under the following terms and conditions, in addition to those customarily imposed, to-wit:

"1. That probation supervision run concurrent with whatever type of release from the penitentiary be approved;

"2. That the plan of residence and employment approved by the Board of Parole also be the plan used under probation; and

"3. That the court retain jurisdiction to revoke for cause this order of probation at any time within two years from the date defendant is released from the United States Penitentiary at Leavenworth and to resentence him in the event he violates either the order of parole or this order."

at Leavenworth upon representations that he would assist in the preparation of papers and motions to obtain the release of the prisoners in custody.[2] Nelson was cited into court to show cause why his probation should not be revoked. After a hearing, his probation was revoked and he was ordered to serve the year-and-a-day sentence previously imposed.

■ It is first argued that the conditional release was unlawful and premature, therefore the probation order could not be effective during the time that Nelson was free under its terms. The basis for the argument is that prison officials did not compute Nelson's good time credits as provided for in 18 U.S.C.A. § 4161; that he was released on parole prior to the date he should have been; and that such release was therefore unlawful. See Hunter v. Facchine, 10 Cir., 195 F.2d 1007. This is an ingenious argument but can be of no assistance to Nelson. He was given a conditional release and was at large under its terms. By reference, the terms of his conditional release were made conditions of his probation in another case. Assuming that Nelson's good time was wrongfully computed and he was released prior to the time he should have been, the fact remains that he was out on parole, under the supervision of the probation officer of Kansas and the United States Parole Board, and at his own request he was restored to probation in another case. Without the probation order, he would not have been released regardless of how his good time was computed. Nelson, as a prisoner, made application for probation, and he is not in position to complain because it was granted, even though he should have remained in confinement on another sentence. The conditional release was in another case, and the fact that he may have received a favorable result when his good time credits were computed does not affect the probation order. See Pulliam v. Looney, 10 Cir., 224 F.2d 913.

■ The only other contention that warrants consideration is that Nelson was not served with a written statement of the conditions of probation, and was not instructed regarding them as required by 18 U.S.C.A. § 3655. There is likewise no merit to this contention. A person placed on probation is entitled to a written statement of the conditions of probation and instruction regarding them but here Nelson previously had been on probation in the same case. He had received a written statement of the conditions of the former probation, and from his application and statements afterwards he considered the order as a reinstatement of the original probation with the additional terms of the order. It was considered a reinstatement by the probation officer. Moreover, even though the last order of probation was entirely new, Nelson had a copy of the order and it incorporated the terms of the conditional release which required Nelson to refrain from violating the law, and to remain in the District of Kansas unless he had the written permission of the probation officer. He does not contend that he did not have a copy of the conditional release.

■ The evidence is uncontradicted that he was in violation of the terms of probation. Courts may not act arbitrarily in revoking probations, but all that is required is evidence and facts which reasonably satisfy the judge that the probationer's conduct has not been as good as that required by the conditions of probation. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Manning v. United States, 5 Cir., 161 F.2d 827, certiorari denied 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374; Mankowski v. United States, 5 Cir., 148 F.2d 143; Hollandsworth v. United States, 4 Cir., 34 F.2d 423.

Affirmed.

2. An agent of the F.B.I. testified that Nelson told him that he went to Denver, Colorado, where he represented himself as Earl Bylering and obtained a fee of Two Hundred Dollars from a sister of an inmate at Leavenworth to assist in obtaining a release of her brother. La-
ter, he said he went to Minneapolis, Minnesota and obtained a fee of Three Hundred Dollars from a Mrs. Archer to take legal steps to obtain the release of her brother from the Leavenworth Penitentiary.