**Emil R. YATES, Appellant,**

v.

**C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 5701.**

United States Court of Appeals
Tenth Circuit.

Jan. 6, 1958.

Martin S. Rogers, Tucson, Ariz., for appellant.

Charles W. Ward, Topeka, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Kansas City, Kan., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

Emil R. Yates, an inmate of the United States Penitentiary at Leavenworth, Kansas, brought this habeas corpus proceeding alleging that he had served his sentence and was entitled to be discharged. Relying upon Hunter v. Facchine, 10 Cir., 195 F.2d 1007, he argued that as he was conditionally released prior to the time authorized by statute, while serving his five year sentence in the Federal Correctional Institution at Milan, Michigan, he should be given credit for actually having served the time during which he was prematurely released. The District Court denied the petition and discharged the writ, but released the prisoner on bond pending appeal.

The facts are not in dispute. When Yates was given a conditional release on April 30, 1955, the institution officials computed that he had earned a total of 592 days good time. It is conceded that if, at the time of his release, Yates' good time had been computed under Title 18 U.S.C.A. § 4161, as construed by the Facchine case, he would not have been entitled to a conditional release until August 31, 1955. The gist of the petitioner's contention is that he should have been kept in confinement until August 31, 1955, and as he was prematurely released by the prison officials, he was entitled to credit for the number of days of his premature release, even though he was at liberty. This is an ingenious argument, but of no assistance to Yates. The fact remains that he was at liberty under the terms of a conditional release to which he had agreed and which was properly revoked because its terms were violated. Title 18 U.S.C.A. § 4164 provides that a conditionally released prisoner is to be treated as if released on parole, and is subject to the laws relating to parole. Title 18 U.S.C.A. § 4207 provides that when a parole is revoked, the prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced. Baumhoff v. United States, 10 Cir., 200 F.2d 769.[1]

Imprisonment contemplated by the Federal Court is confinement in fact. Hunter v. McDonald, 10 Cir., 159 F.2d 861, certiorari denied 331 U.S. 853, 67 S.Ct. 1735, 91 L.Ed. 1861. Lapse of time without the imprisonment or restraint contemplated by law does not constitute service of sentence. Anderson v. Corrall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed 247. The United States Board of Parole had the power to revoke the conditional release and require Yates to complete the service of his sentence, regardless of the premature release. Pulliam v. Looney, 10 Cir., 224 F.2d 913, certiorari denied Pulliam v. U. S. Court of Appeals for the Tenth Circuit, 350 U.S. 909, 76 S.Ct. 207, 100 L.Ed. 798. We do not hold that there are not circumstances where a sentence would continue to run after an erroneous release, but this case is not within that category. See White v. Pearlman, 10 Cir., 42 F.2d 788.

The judgment is affirmed, with instructions to order Yates to be remanded to the custody of the Warden to complete the service of his sentence, and to issue and execute the necessary writs to make the order effective.

1. In Looney v. Lenz, 10 Cir., 217 F.2d 841, 842, certiorari denied Levy v. Looney, 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1287, rehearing denied 350 U.S. 856, 76 S.Ct. 42, 100 L.Ed. 760, we said:
"While on parole the prisoner is bound to remain in the legal custody and under the control of the Board of Parole until the expiration of the term of his sentence. Release on parole is subject to conditions. If the prisoner fulfills those conditions he is entitled to credit on his sentence during the time he is released on parole, with the same legal effect as imprisonment. But, if the prisoner violates the conditions of his parole and the parole is revoked, then, under the express mandate of the statute, the time he was on parole shall not diminish the time he was sentenced to serve. It follows, since Lenz violated the conditions of his parole and the conditions of his re-parole, he was not entitled to credit on the sentence during the times he was under conditional release on parole." (Footnote omitted.)