J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellant,

v.

Robert LeRoy DANIELS, Appellee.

No. 6364.

United States Court of Appeals
Tenth Circuit.

Nov. 10, 1960.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., for appellant.

No appearance for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order sustaining a petition for a writ of habeas corpus and releasing the petitioner, Robert LeRoy Daniels, from the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas.

On December 7, 1956 the United States District Court for the Western District of Missouri, sentenced Daniels to imprisonment for a term of three years. He was received at the United States Penitentiary at Leavenworth, Kansas on December 20, 1956. On February 7, 1959 he was conditionally released, with 302 days of his sentence remaining to be served. On May 22, 1959 a warrant was issued for the arrest of Daniels as a conditional release violator. The warrant was executed June 9, 1959, and the prisoner was returned to the custody of the respondent warden.

When Daniels was returned to the Leavenworth penitentiary, the record clerk fixed the time remaining to be served at 231 days. The 231 days was arrived at by recomputing good time, in accordance with our decision in Hunter v. Facchine, 10 Cir., 195 F.2d 1007. That case had been disregarded in arriving at the 302 days earned good time credited to Daniels at the time of his release, and he was prematurely released. He was only entitled to 231 days of good time plus the time already served, which did not equal the term of his sentence; therefore he was ineligible for conditional release. The facts of this case are the same as those in Yates v. Looney, 10 Cir., 250 F.2d 956, in which we held that when a prisoner who is at large on a conditional release is returned to the prison as a violator of the terms of that release, he must serve all of the remainder of his term, regardless of the fact that he was prematurely released.

When a prisoner who, having served his term less good time deductions, is conditionally released, he is deemed to be on parole until the expiration of the maximum of the term, or terms, for which he was sentenced, less 180 days. 18 U.S.C.A. § 4164. Upon a violation of the conditions of release, the United States Board of Parole may revoke and terminate the release or may modify the terms and conditions thereof. If the conditional release is revoked and terminated, the Board of Parole may require the prisoner to serve all or any part of the remainder of the term for which he was sentenced. 18 U.S.C.A. § 4207.

On October 21, 1959 the Board took formal action, revoking Daniels' conditional release, and he was ordered to "serve the remainder of his sentence originally imposed, as provided by law." The case is not one in which the Board of Parole ordered that the prisoner should serve only a part of the remainder of his sentence for the conditional release violation, and then attempted to require the service of additional time. The administrative action of the record clerk at the Leavenworth penitentiary, in fixing a shorter period, could not reduce the 302 days of unserved time which constituted the remainder of the sentence. The case is squarely within the rule of Yates v. Looney, which controls.[1]

---

1. We find it unnecessary to determine whether the September 14, 1959 amendment to 18 U.S.C.A. § 4161 (Pub.L. 86–259, 73 Stat. 546), which abrogates the Facchine decision, operates retroactively. U.S.Code Cong. & Adm.News, Vol. 2, 1959, p. 2518.

The order of the District Court is reversed, with directions that Daniels be delivered to the Warden at Leavenworth Penitentiary to serve the remainder of his sentence.