Charles Wesley JOHNSON, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6655.

United States Court of Appeals
Tenth Circuit.

April 18, 1961.

Stephen A. Hellerstein, Denver, Colo., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and KERR, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court for the District of Kansas denying appellant's petition for a writ of habeas corpus, discharging the writ and remanding the petitioner to the custody of the Warden. Seeking to be released from the United States Penitentiary, Leavenworth, Kansas, appellant petitioned for habeas corpus on the ground that an error in the computation of good time due him resulted in the advancement of the date of his reconditional release from November 6, 1960, to September 24, 1961.

On January 16, 1952, appellant commenced serving a nine year sentence, amounting to 3,285 days. After serving 2,139 days he was credited with 864 days of statutory good time [1] and 282 days of industrial good time [2] and was conditionally released on November 26, 1958.

---

1. Pursuant to 18 U.S.C. § 4161.

2. Pursuant to 18 U.S.C. § 4162.

At the time of his release there remained 1,146 days of the nine year sentence not served by appellant. On June 3, 1959, he was arrested as a conditional release violator and he is now serving out the balance of his nine year term. Upon the rearrest of appellant, the record clerk noted that appellant owed only 844 days as a violator and gave the reconditional release date as April 1, 1961. On December 1, 1959, the prison officials recomputed appellant's good time, showed 1,146 days as the total sentence for the conditional release violation, allowed 301 days good time, and determined September 24, 1961, as the proper reconditional release date.

The District Court found that such recomputation by the prison officials on December 1, 1959, was not in error; that due to his conditional release violation appellant is required to serve the balance of his nine year term; and that 1,146 days remained to be served by appellant, less good time earned during his violation term.

■ Appellant buttresses his appeal to this court with the contention that the 1959 amendment to 18 U.S.C. § 4161 has been applied retroactively. This contention is without merit. The recomputation by the prison officials on December 1, 1959, was merely a corrective measure. The applicability of Public Law 86-259 is entirely foreign to this case and merits no further consideration.

■ Appellant's principal ground for appeal involves the method of computation of statutory good time. By his formula he would have earned 562 days of statutory good time instead of 864 days, being a difference of 302 days. He argues that he was prematurely released; that upon his violation of the conditional release he forfeits only the 562 days of statutory good time earned as of November 26, 1958; and that the 302 days prematurely credited to him

should be deducted from the 1,146 days not served to arrive at his violation term of 844 days.

Appellant's contention is untenable. Mathematical gyrations must not be permitted to obscure the crux of the matter, namely, the amount of time remaining to be served on a sentence at the time the conditional release is made. No sound reason exists to warrant a deviation from the established rule that appellant may be required to serve the balance of the 1,146 days in his nine year sentence.[3]

Affirmed.

---

3. Yates v. Looney, 10 Cir., 250 F.2d 956; Taylor v. Daniels, 10 Cir., 284 F.2d 135; Wooten v. Wilkinson, 5 Cir., 265 F.2d 211; 18 U.S.C.A. § 4207.