**William Roy MILLER, Appellant,**

v.

**J. C. TAYLOR, Warden, U. S. Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 6665.**

United States Court of Appeals
Tenth Circuit.

May 4, 1961.

William Roy Miller, appellant, pro se.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and KERR, District Judge.

PICKETT, Circuit Judge.

The petitioner, Miller, now confined in the United States Penitentiary at Leaven-

worth, Kansas, brought this habeas corpus proceeding alleging that he is illegally held because he is presently entitled to his unconditional discharge from that institution. This is an appeal from an order dismissing the petition.

On April 25, 1951, Miller was sentenced by the United States District Court for the District of Arizona to serve a fifteen year sentence for bank robbery. In 1960, while confined at Leavenworth, a dispute arose as to the method of computing Miller's statutory allowance for good time. In a habeas corpus proceeding the United States District Court for the District of Kansas sustained Miller's contention and ordered him released, with approximately six years of his maximum sentence remaining unserved. 18 U.S.C.A. § 4163. In compliance with the order, he was given a conditional release, as provided for in 18 U.S.C.A. § 4164, and within a short time thereafter he was arrested and returned to custody upon a parole violator's warrant issued by the United States Board of Parole.

 There is no merit in petitioner's contention that the court order directing his release was unconditional and not subject to the provisions of Section 4164. His only right to release before the expiration of his maximum sentence is statutory, and the only release provided for is one which is conditional. When a prisoner has served his term, less good time deductions, his release is mandatory and he is deemed to be on parole "until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." 18 U.S.C.A. §§ 4163, 4164; Singleton v. Looney, 10 Cir., 218 F.2d 526. During the period of conditional release the prisoner is treated as if on parole, and when such parole is revoked, he may be required to serve all or any part of the unserved term or terms. 18 U.S.C.A. § 4207; Yates v. Looney, 10 Cir., 250 F.2d 956.

 The fact that a prisoner may be released on some date other than that provided for in the statute due to erroneous application of a statutory formula, or other mistake, does not affect the jurisdiction of the Board to revoke the conditional release. Yates v. Looney, supra; Pulliam v. Looney, 10 Cir., 224 F.2d 913, certiorari denied 350 U.S. 909, 76 S.Ct. 207, 100 L.Ed. 798. See Taylor v. Daniels, 10 Cir., 284 F.2d 135.

Affirmed.