Elry A. WELCH, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6700.

United States Court of Appeals Tenth Circuit.

July 13, 1961.

**482**

Charles W. Johnson, Denver, Colo., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., with him on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The petitioner, Elry A. Welch, appeals from an order denying his application for a writ of habeas corpus in which he alleges that he has completed serving a 15-year sentence in the United States Penitentiary at Leavenworth, Kansas, and is entitled to be released. On November 17, 1944, the petitioner received a 15-year sentence in the United States District Court for the Western District of Arkansas, for the crime of kidnapping. On October 13, 1953 he was conditionally released from the Federal Correctional Institution at Texarkana, Texas, and immediately taken into custody by Texas authorities to complete a previously imposed state sentence. He was confined in the Texas State Penitentiary from October 13, 1953, to June 24, 1957. At the time of his release from the state penitentiary the 15-year federal sentence had not been completed, and he was considered as on parole and subject to the conditions of his release. A conditional release violator's warrant was issued October 7, 1957, and the petitioner was arrested on October 15, 1957. His conditional release was revoked, and he was returned to federal custody for the unserved portion of his 15-year sentence. His contention is that, under the circumstances of his conditional release, he is entitled to credit on his federal sentence for the time he was confined in the Texas State Penitentiary. It is conceded that if the petitioner is entitled to credit for this period of state service he should be released.

When the petitioner was given his conditional release his statutory good time was computed to be 2225 days. If the statutory good time had been computed under the formula required by Hunter v. Facchine, 10 Cir., 195 F.2d 1007, there would have been credited only 1493 days. The release therefore was 732 days premature. The law is settled in this circuit that, when a federal prisoner is prematurely released under an erroneous application of the statutory formula for earned good time, this in no way affects the jurisdiction of the Board of Parole to revoke the conditional release. Miller v. Taylor, 10 Cir., 290 F.2d 8; Pulliam v. Looney, 10 Cir., 224 F.2d 913, certiorari denied 350 U.S. 909, 76 S.Ct. 207, 100 L. Ed. 798. The imprisonment contemplated by federal court sentences is confinement in fact, and until the maximum sentence is served, either by actual confinement or on conditional release, the prisoner remains subject to the terms of the sentence and the statutes relating to conditional release. Howard v. United States, 8 Cir., 274 F.2d 100, certiorari denied 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525; Yates v. Looney, 10 Cir., 250 F.2d 956. Title 18 U.S.C.A. § 4164 provides that a conditionally released prisoner is to be treated as on parole, and upon revocation of the release for violation of its conditions the prisoner may be required to serve all or any part of the unserved segment of his sentence. 18 U.S.C.A. § 4207; Miller v. Taylor, supra; Yates v. Looney, supra. The refusal of the prisoner to accept or consent to the conditions of the release does not affect the jurisdiction of the Parole Board or the obligation of the prisoner to serve all or any part of the sentence upon revocation. Howard v. United States, supra; Singleton v. Looney, 10 Cir., 218 F.2d 526.

■■ The record discloses that petitioner's conditional release was revoked by the United States Board of Parole prior to the expiration of the maximum term of his sentence, and he was ordered returned to the penitentiary for confinement during the unserved portion of his sentence. This action was within the power of the Board, and the unserved balance of his federal sentence was not affected by petitioner's confinement in the Texas State Penitentiary during a portion of the period while he was on conditional release. Myers v. Hunter, 10 Cir., 199 F. 2d 662. Had the petitioner complied with the conditions of his release, he would have completed his federal sentence even though he was imprisoned in the Texas State Penitentiary during a portion of the time that he was on conditional release.

Affirmed.