William Roy MILLER, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7056.

United States Court of Appeals Tenth Circuit.

Dec. 22, 1962.

Thomas C. Sewell, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellant, presently confined in the United States Penitentiary at Leavenworth, Kansas, prosecutes this appeal from an order denying his petition for habeas corpus in which he asserts a right to a discharge from confinement. The contention of appellant that he is entitled to release has been earlier considered and denied by this court, Miller v. Taylor, 10 Cir., 290 F.2d 8, in an action presented

by appellant pro se and premised upon the identical factual background of the case at bar. However appellant is now represented by able counsel who earnestly asserts that critical facts existing in the procedural background of appellant's cause, although existing during our earlier consideration, were not presented to us and that the administration of justice requires this review. We agree that our earlier decision did not consider appellant's present contentions and that such contentions are not frivolous. We therefore allow the appeal in forma pauperis and take the case on the merits.

On April 25, 1951, appellant began serving a fifteen-year sentence for bank robbery. In June, 1960, the District Court for the District of Kansas ordered appellant's release and respondent therein filed a timely petition for rehearing. Consideration of the petition for rehearing was held in abeyance pending this court's decision in Taylor v. Daniels, 10 Cir., 284 F.2d 135, rendered November 10, 1960. Meanwhile appellant had been released pursuant to the June, 1960, order but had been arrested and returned to confinement in September, 1960, in response to a violator's warrant issued by the United States Board of Parole under the authority of 18 U.S.C.A. § 4205.

Our decision in Daniels indicated error had premised the district court order of June 1960, granting release to appellant and thereupon that court granted respondent's petition for rehearing and ordered that the judgment "entered on the 6th day of June, 1960, be and the same is hereby vacated." Appellant now contends, by pointing to acceptable authority to the effect that a vacated judgment is a nullity and places the parties in the same position occupied prior to the entry of the vacated judgment, that he cannot now be lawfully confined pursuant to an action of the Board of Parole and further that if his present confinement is premised upon original commitment that he has fully served his statutory period upon allowance of good time credit.

Although appellant's argument has initial appeal it lacks substantive merit. It is true that appellant became subject to the conditions of his release and the provisions of the Parole Act by reason of the court order of June, 1960, but had his release been effected in the regular course of time under the statute, rather than through the compulsion of a special proceeding, he would have similarly come under the surveillance of the Parole Board. It is the release of the prisoner prior to the expiration of the imposed sentence which provokes the duty and power of the Parole Board. 18 U.S.C.A. § 4164. And it is the fact of release and not the instrument of release that triggers jurisdiction in the Board of Parole.

Good time allowances do not reduce the sentence but only enable the prisoner to serve the latter part of his sentence outside prison walls, Lopez v. Madigan, 179 F.Supp. 742 (D.C.N.D. Cal.), aff'd 9 Cir., 273 F.2d 617. They are contingent upon the prisoner's continued good behavior in prison until they are sufficient to effect his release under supervision, Aderhold v. Perry, 5 Cir., 59 F.2d 379; United States ex rel. Johnson v. O'Donovan, 7 Cir., 178 F.2d 810, and they are subject to forfeiture for his conduct after release, 18 U.S.C.A. § 4165.

Thus it is held that the release of a prisoner prior to his serving his maximum sentence is merely "an extension of the prison walls" and his total record under disciplinary restraint, whether in prison or on parole, determines the time of confinement pending the termination of his sentence, United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468.

Appellants' sentence was imposed at the time of his conviction and has continued unchanged since that time. He was permitted by reason of the accumulation of good time allowances, albeit error was made in the computation thereof, a conditional release minimizing the restraints upon him. The entire program of confinement and attempted rehabilitation was a unity, which failed because of appellant's failure to comply with the conditions necessary to his ac-

ceptance of statutory release. Although the original court order permitted a premature release, it did not affect appellant's status as a prisoner. And the subsequent vacation of that order likewise did not affect appellant's status as a prisoner on conditional release, for he had already incurred by his own actions a forfeiture of the grace accorded him. Such a forfeiture could have occurred by reason of his own conduct in prison and was not influenced by the supervisory control of the Parole Board.

For these reasons, this court held that the fact that the prisoner was released due to erroneous application of the formula did not affect the jurisdiction of the Board to revoke the conditional release, Miller v. Taylor, 10 Cir., 290 F.2d 8. And for these reasons, the subsequent correction of the error did not render the actions of the Board pursuant to a statute a nullity. The trial court correctly ruled that appellant's petition was without merit.

Affirmed.