**Marvin RODGERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 225–68.**

United States Court of Appeals Tenth Circuit.

July 9, 1969.

---

Jack L. Freeman, of Harrod, Stringer & Freeman, Oklahoma City, Okl., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HOLLOWAY, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the Western District of Oklahoma revoking an earlier order of that court placing appellant on probation. After entry of the revocation order appellant was sentenced to imprisonment for a term of one year. He now contends that the court abused its discretion in revoking probation and lacked jurisdiction to impose sentence. Neither contention has merit.

On April 5, 1967, after entry of a plea of nolo contendere, a judgment of conviction was entered against appellant for the offense of accepting wagers without paying the special occupational tax required by 26 U.S.C. § 4411 in violation of 26 U.S.C. § 7203. He was fined $2,500, imposition of sentence was reserved by the court, and appellant was placed on probation for a period of two years. No appeal was taken from the judgment.

On October 21, 1968, following a full evidentiary hearing, the court found that appellant had violated the conditions of his probation and entered the subject order of revocation followed by the imposition of sentence.

Courts have long noted that revocation of probation is a power that "implies conscientious judgment, not arbitrary action" [1] but that "all that is required is evidence and facts which reasonably satisfy the judge that the probationer's conduct has not been as good as that required by the conditions of probation." [2] The evidence in the case at bar established that during a search of appellant's home on October 4, 1968, local police officers had found booking sheets and marked football schedules showing the point spread applicable for betting, two separate telephone lines, and the presence of appellant's brother, Mickey Rodgers, a known gambler, who was observed by the officers to flush torn bits of paper down the commode. Although appellant admitted that the records found in his home (under the cushions of the sofa) were gambling records he testified that the records had been in that unusual spot for over a year and a half; that the extra telephone was for the benefit of his wife's teen-age brother and sisters who lived a block away; that, although he knew his brother was running an active book, his presence in the house was simply that of a visitor. The trial court rejected appellant's account as not credible. The record clearly supports the trial court's action as one of "conscientious judgment" and has no aspect of arbitrariness.

Appellant's attack upon the jurisdiction of the court to revoke probation and then proceed to imposition of sentence springs from the decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and is premised on

---

1. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Genet v. United States, 10 Cir., 375 F.2d 960.

2. Nelson v. United States, 10 Cir., 225 F.2d 902, 904.

the conclusion that the cited decisions render appellant's original judgment of conviction invalid. The question of the validity of the original judgment cannot be raised for the first time on appeal from an order revoking probation. Yates v. United States, 10 Cir., 308 F.2d 737. Accordingly, we indicate no opinion as to the merits of this contention and hold only that the issue is beyond the scope of our present review.

Affirmed.