UNITED STATES of America

v.

Charles A. D'AMATO et al.

Appeal of Joseph D. D'AMATO, in No. 18782.

Appeal of Joseph B. NANARTOWICZ, in No. 18783.

Nos. 18782, 18783.

United States Court of Appeals, Third Circuit.

Argued June 19, 1970.

Decided July 20, 1970.

Thomas H. Henderson, Jr., Chevy Chase, Md. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., Bruce A. Burns, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Edmund E. DePaul, Philadelphia, Pa., for appellants.

Before BIGGS, STALEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellants D'Amato and Nanartowicz each pleaded *nolo contendere* to a charge of conspiracy to use the facilities of interstate commerce with intent to carry on unlawful gambling in violation of Section 1952, Title 18, U.S.C., to commit wire fraud in violation of Section 1343 of that title, and to cause the telephone company to extend facilities other than as specified in schedules filed with the Federal Communications Commission in violation of Sections 203(c) (3) and 501, Title 47, U.S.C. In addition, each pleaded *nolo contendere* to a charge of the substantive violation of Section 1952, as well as to a charge of aiding and abetting the commission of that crime contrary to Section 2, Title 18, U.S.C.

On October 27, 1969, the district judge suspended sentences on the conspiracy count and, on the respective substantive counts, fined each appellant $1,000 and imposed sentences of three years probation upon them. One of the conditions of the probations was that the appellants should "not engage in any gambling, book-making selling, betting,[1] etc." A scant ten days later D'Amato and Nanartowicz were arrested together by the Philadelphia Police. The district judge held a probation revocation hearing on February 10, 1970, and, after receiving evidence, found that the appellants had violated the terms of their probations and sentenced each of them to 18 months imprisonment. These appeals followed.

The sole issue raised on these appeals is the sufficiency of the evidence underlying the revocation of the probations.

At the revocation hearing it was established that on November 7, 1969, a contingent of Philadelphia policemen, armed with a search warrant, arrived at the second floor apartment at 1601 South Taylor Street in Philadelphia, knocked on the door and announced their presence and purpose. After receiving no response and hearing "shuffling sounds" from within, Lieutenant DeCree broke through the rear kitchen door to the apartment. DeCree testified that upon breaking down the door he saw Nanartowicz putting papers into the sink under a running faucet and D'Amato retreating from the kitchen into a hallway. DeCree removed the elbow joint under the sink and retrieved from its interior a "glob" of paper,

---

1. For some unexplained reason, the probation order in the case of appellant D'Amato omitted the single term "betting."

which he identified as soluble paper of a type commonly used by those engaged in illegal gambling enterprises. On a table in the kitchen were located two telephones, four sheets of soluble paper, several pens, and that day's edition of the National Armstrong Daily News Review, a racing news sheet. In the course of a subsequent search, three "racing sheets" and over $400 in cash were seized from an unlocked suitcase found in the bedroom. DeCree testified further that in the approximate half hour after their entry into the apartment the telephone rang about 15 times, two thirds of the callers asking for "Jake" and the remaining third either asking for "Joe" or hanging up upon hearing DeCree's voice.[2] Four of the persons who sought to speak with "Jake" asked for the "last number." Finally, there was some evidence that one of the telephones had been extended from the first to the second floor apartment in an unauthorized manner by some one other than a telephone company serviceman. Officer McDonald, who had accompanied DeCree in making forcible entry into the kitchen, corroborated some of DeCree's testimony but was unable to recall more than four telephone calls during the period in which DeCree claimed that there had been about fifteen.

The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. The district judge need only be reasonably satisfied that the terms of the probation have been violated, and the sole question on review is whether he abused his discretion in revoking probation. Burns v. United States, 287 U. S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); United States v. Chambers, 429 F.2d 410 (3 Cir. 1970); United States

v. Nagelberg, 413 F.2d 708 (2 Cir. 1969); Rodgers v. United States, 413 F.2d 251 (10 Cir. 1969). As measured by these principles and after a careful review of the record, we find no abuse of discretion.[3]

Accordingly, the orders revoking probation will be affirmed.

**2.** According to the indictment, Joseph D. D'Amato's alias is "Jake" and that of Joseph B. Nanartowicz is "Joe."

**3.** We note that although appellants have raised only the issue of the sufficiency of the evidence, their brief cites Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 79 L.Ed. 1566 (1935), where it is stated that a probationer is entitled to a fair hearing on his alleged violation of probation. However, there is nothing in the present record to indicate that the revocation hearing was unfair in any way. Appellants had a full opportunity to present evidence and to testify in their own behalf had they or either of them so chosen.