930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Nelson Ray PICKENS, Petitioner-Appellant,
v.
Art BEELER, Warden, U.S. Parole Commission, Respondents-Appellees.
 No. 90-6175.
 United States Court of Appeals, Tenth Circuit.
 April 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Nelson Ray Pickens appeals from the district court's denial of his petition for a writ of habeas corpus. Pickens, appearing both pro se and in forma pauperis, filed his petition pursuant to 28 U.S.C. Sec. 2241, requesting immediate release from federal custody in El Reno, Oklahoma.
 
 
 3
 * While on parole from an eight-year federal sentence for theft from interstate shipment, Pickens was charged with and convicted of several new state and federal offenses. The federal district court, in sentencing Pickens for convictions of mail fraud and dealing in unlicensed firearms, expressly ordered that the two new sentences, totalling eight years, were to run consecutively, both to each other and "to any other sentence heretofore imposed." I R. Tab 9, Exs. H-1 and H-2.
 
 
 4
 In Pickens' subsequent parole revocation hearing, held while he was serving a state sentence for aggravated burglary, kidnapping, and aggravated robbery, the United States Parole Commission revoked his parole. The Parole Commission's Notice of Action required him to serve the remaining balance of his original federal eight-year sentence as his violator term, and denied him credit for his "street time" while on parole. It also specified that Pickens would begin serving his violator term after the expiration of his state sentence or after one-hundred twenty months service, whichever occurred first. Id., Ex. C. The Notice of Action did not state whether his violator term would run concurrently or consecutively to his new eight-year federal sentence.
 
 
 5
 Following the expiration of his state sentence, Pickens began serving his violator term in El Reno. When he learned that prison officials had computed his violator term to run consecutively to his new eight-year sentence, Pickens filed a grievance. The warden determined that his violator term and his new eight-year sentence should run concurrently. However, one day prior to his planned release date, Bureau of Prisons officials recomputed his new sentence to run consecutively to his violator term. Pickens' administrative appeal of the recomputation was denied.
 
 II
 
 6
 On appeal, Pickens challenges 1) the recomputation of his sentence, 2) the sentencing court's authority to determine whether his new federal sentence would run consecutively to his violator term, and 3) the loss of his "street time." Appellant's Reply Brief at 1. We affirm.
 
 
 7
 In challenging the recomputation of his sentence, Pickens contends that the Parole Commission's silence as to whether his violator term would run concurrently or consecutively to his new federal eight-year sentence indicated its intent that the sentences run concurrently. Nothing in the record or the law supports this contention. In fact, in reviewing Pickens' appeal of the recomputation of his sentence, the Parole Commission affirmed the Bureau of Prisons' decision that the sentences run consecutively. I R. Tab 9, Ex. F. Nor does the recomputation itself, following the warden's determination that the sentences should run concurrently, require a different result. See Johnson v. Taylor, 289 F.2d 743, 744 (10th Cir.) (prison officials' recomputation of time remaining on sentence was a "corrective measure" and did not require earlier release), cert. denied, 368 U.S. 845 (1961).
 
 
 8
 Pickens challenges the sentencing court's authority to determine whether his violator term should run consecutively or concurrently to his new eight-year sentence, contending that the Parole Commission alone has this authority. We recognize the Parole Commission's authority to make this determination. See 18 U.S.C. Sec. 4210(b); McConnell v. Martin, 896 F.2d 441, 446 (10th Cir.), cert. denied, 111 S.Ct. 167 (1990); Harris v. Day, 649 F.2d 755, 760 (10th Cir.1981). The Parole Commission not only had the authority to determine that Pickens' violator term, consisting of the remainder of his previously-imposed eight-year federal sentence, would be served following the expiration of his state sentence, but also had authority to determine that his violator term was correctly calculated as being consecutive to his new eight-year sentence. Because the record indicates that the Parole Commission agreed with the recomputation of Pickens' sentences as consecutive, I R. Tab 9, Ex. F, we need not address the scope of the sentencing court's authority.
 
 
 9
 We also agree with the district court's disposition of Pickens' due process challenge to his loss of "street time." Because it is mandatory that parole violators convicted of new crimes lose their street time upon parole revocation, Harris, 649 F.2d at 760, due process does not require notification that such loss will occur. See Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 110 S.Ct. 161 (1989).
 
 
 10
 Finally, Pickens raises several new issues on appeal that were not presented to the district court. Although we review his pro se pleadings liberally to reach any issues fairly presented, see Haines v. Kerner, 404 U.S. 519, 520 (1972), issues not presented to the district court will not be considered for the first time on appeal. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989).
 
 
 11
 AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3