986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward DESHAW, Defendant-Appellant.
 No. 92-8041.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In September 1985, Appellant was found guilty of Rape in Indian Country in violation of 18 U.S.C. § 1153 (1988) and 18 U.S.C.A. § 2031 (1984), repealed by Criminal Law and Procedure Technical Amendments Act of 1986, § 87(c)(1), 100 Stat. 3592, 3623 (1986). He was sentenced to 120 months imprisonment.
 
 
 3
 Because this conviction arose prior to the effective date of the United States Sentencing Guidelines, Appellant's sentence was governed by 18 U.S.C. ch. 309, §§ 4161-66 (1988), repealed by Sentencing Reform Act of 1984, § 218(a)(4), 98 Stat. 1987, 2027 (effective Nov. 1, 1986). See Sentencing Reform Act of 1984, § 235(b)(1)(B), 98 Stat. 1987, 2032. Under § 4161, Appellant's good behavior in prison earned him ten days of good-time credit for each month he served. These credits were to be "deduct[ed] from the term of his sentence." 18 U.S.C. § 4161.
 
 
 4
 In June of 1992 Appellant was released from federal custody. However, the United States Parole Commission has retained supervisory jurisdiction over him pursuant to § 4164. Section 4164 states: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." The Parole Commission therefore claims that it has supervisory jurisdiction over Appellant until 1995.
 
 
 5
 Appellant filed a motion in the district court, claiming that under § 4161 he has completed the entire term to which he was sentenced for his prior crime. He argued that the plain language of § 4161 shows that his sentence of imprisonment has been reduced by the good-time credits he earned, and that he has served the maximum term to which he was sentenced. He therefore argued that the Parole Commission is without jurisdiction over him under § 4164. The district court denied relief, and Appellant timely appeals.
 
 
 6
 This court considered this same argument many years ago and rejected it. In Miller v. Taylor, 313 F.2d 21 (10th Cir.1962), cert. denied, 374 U.S. 837 (1963), this court, interpreting the provisions of 18 U.S.C. ch. 309, stated:
 
 
 7
 Good time allowances do not reduce the sentence but only enable the prisoner to serve the latter part of his sentence outside prison walls. They are contingent upon the prisoner's continued good behavior in prison until they are sufficient to effect his release under supervision, and they are subject to forfeiture for his conduct after release.
 
 
 8
 Id. at 22 (citations omitted).
 
 
 9
 In this pre-Guidelines case, we see no ground on which to distinguish Miller. Stare decisis therefore precludes granting relief to Appellant.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3