John M. GOULD, Petitioner,

v.

J. C. TAYLOR, Warden, T. Y. Lawrence, Record Clerk, U. S. Penitentiary, Lewisburg, Pa., Respondents.

No. 321.

United States District Court
M. D. Pennsylvania.

July 5, 1957.

John M. Gould, pro se.

Robert J. Hourigan, U. S. Atty., Edwin M. Kosik, Asst. U. S. Atty., Scranton, Pa., for respondents.

FOLLMER, District Judge.

Petitioner, John M. Gould, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, seeks release on Writ of Habeas Corpus. The petition, response and traverse reveal the facts and petitioner's contention.

Gould was originally sentenced in the Eastern District of Missouri on December 8, 1937, to terms of twelve years and two years concurrent or a total of twelve years, on bank robbery charges. On October 10, 1938, he was subsequently sentenced in the District of Kansas on a counterfeiting charge to a term of ten years to run concurrently with the foregoing twelve year total sentence. On the same day he was sentenced by the Kansas court to three years on an escape charge. This sentence provided that it should begin at the expiration of the sentences he was then serving and to run consecutive thereto. We are not, however, concerned with the precise language of the sentence since the escape statute which was then in force (18 U.S.C. § 753h, now superseded by 18 U.S.C. § 751) was held by the Supreme Court in United States v. Brown, 333 U.S. 18, 68 S.Ct. 376, 377, 92 L.Ed. 442, to be mandatory in its provisions that the escape sentence "*shall begin upon the expiration of, or upon legal release from, any* sentence under which such person is held at the time of such escape" and that the purpose of the statute was "to require additional punishment for the escape offense."

Gould was released on March 6, 1947, on a conditional release, the Certificate of Conditional Release being signed by him "under protest." While thus on parole he was returned for service of the balance of his sentence on August 26, 1947 under a parole violation warrant issued July 14, 1947. The fact that he signed "under protest" is not pertinent to our problem. As pointed out in Singleton v. Looney, 10 Cir., 218 F. 2d 526, 528, the mere fact that he had not consented to the conditions of his release did not mean that he was not bound thereby. "* * * the incidence of the conditions may not be forestalled by mere dissent of the prisoner."

Gould was again conditionally released on August 23, 1949, with the Certificate of Conditional Release being signed by

him without notation of any protest. A parole violation warrant issued December 19, 1949, on the basis of which he was recommitted on August 17, 1956.

In determining his conditional release dates, his three year escape sentence was aggregated with the twelve year sentence, making a total of fifteen years on which his good time allowance was computed under 18 U.S.C. § 710 (now 18 U.S.C. § 4161), and he was accordingly allowed ten days a month on fifteen years and his conditional release date computed accordingly. On the theory of Lyons v. Squier, D.C.W.D.Wash., 54 F. Supp. 557, that under the escape statute (formerly 18 U.S.C. § 753h) there can be no aggregating of an escape sentence with others under the then applicable good time deduction statute (18 U.S.C. § 710) because no deductions are permitted on an escape sentence, or on the theory that an escape sentence is independent of and not aggregable with other sentences and therefore entitled to a lesser deduction of seven days a month, petitioner's total good time allowance would have been less and his good time release date would have been later than the date when he was actually released on good time. But this question need not be determined. As pointed out by Judge Watson in Bickel v. Hiatt, D.C. M.D.Pa., 66 F.Supp. 748, a calculation of good time by aggregation which increases the total good time is to the advantage of the petitioner by increasing the time served outside the prison walls. But the status of such a prisoner while under conditional release is that of a prisoner on parole, and in legal effect is "imprisonment" notwithstanding that the punishment is ameliorated.[1]

█ The fact that a prisoner may have been prematurely released under an erroneous application of the statutory formula in no way affects the jurisdiction of the Board to revoke the conditional release.[2]

█ Petitioner sums up with the contention "that under the requirements of 18 U.S.C. § 753h, the sentence of three years for escape that was imposed upon him began at such time as Petitioner was entitled to his legal release from the sentence that Petitioner was then serving. The law prescribed the exact date of that expiration (18 U.S.C., Section 713 [now 18 U.S.C. §§ 4163, 4165]); and that was the day upon which the escape sentence began. Hence, the three-year escape sentence ran concurrent with the supervision period of Petitioner's prior sentences and was consumed therein. Consequently, Petitioner was entitled to his unfettered freedom after these sentences had been completely served." This same contention was presented and found without merit in Bickel v. Hiatt, supra, where it was pointed out that "The maximum release date would still be at the expiration of the total of the two sentences, and the prisoner when given conditional release would be on parole during the balance of that period. To reach any other conclusion would require a calculation of two independent sentences as being in part concurrent and, * * * such a conclusion cannot be reached in connection with a sentence for escape." [66 F.Supp. 751.] This is further confirmed by the Supreme Court in United States v. Brown, supra, where it was held as to the escape statute then in effect (18 U.S.C. § 753h) that it was the congressional mandate "that the sentence for escape is to be superimposed upon all prior sentences", and that the Act "contemplates 'additional' and 'independent' punishment."

The application, in forma pauperis, for Writ of Habeas Corpus must be denied.

1. United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94.

2. Pulliam v. Looney, 10 Cir., 224 F.2d 913.