George Ralph KELLY, Petitioner,

v.

E. R. GOODWYN, Jr., Warden, Federal Correctional Institution, Texarkana, Texas, Respondent.

Civ. No. 867.

United States District Court
E. D. Texas,
Texarkana Division.

March 9, 1965.

George Ralph Kelly, pro se.

Wm. Wayne Justice, U. S. Atty., and H. D. Nicholson, Asst. U. S. Atty., Tyler, Tex., for respondent.

SHEEHY, Chief Judge.

Petitioner, who is presently detained by Respondent in the Federal Correctional Institution at Texarkana, Texas, filed in this Court a Petition for Writ of Habeas Corpus alleging that he is being illegally confined by Respondent. There is no issue as to the facts. Petitioner contends only that the law has been improperly applied to the facts in regard to the method by which his statutory good time and the length of his sentence as a mandatory release violator have been computed by prison authorities. The pertinent facts are as follows.

On April 17, 1958, Petitioner was sentenced to a term of five years in the Western District of Texas. In 1961, while serving that sentence, Petitioner escaped from custody, but was later apprehended. On June 20, 1961, upon his conviction for the crime of escape, Petitioner was sentenced in the Southern District of California to serve a term of one year, which was to run consecutively to the five year term he was serving at the time of escape. The good time earned by

the Petitioner prior to the time of his escape was forfeited, but subsequently 231 days out of the 282 days forfeited were restored to his credit. The five and the one year sentences were aggregated by prison authorities for the purpose of computing the new date for his mandatory release. Therefore, under this method of computation Petitioner was credited with a total of 525 days of statutory good time, and pursuant to the provisions of 18 U.S.C.A. § 4163, Petitioner was released from confinement in the penitentiary on November 23, 1962. The conditions of his mandatory release were thereafter violated by Petitioner, and on January 10, 1963, the Board of Parole issued a violator's warrant. He was subsequently arrested on said warrant and was returned to the institution to serve the time remaining on the two sentences.

It is Petitioner's contention that prison authorities are incorrect in their calculation that he has 525 days remaining to be served. He challenges their calculation on several grounds.

■■■ First, Petitioner asserts that his four (4) years and seven (7) months of actual incarceration, together with the statutory good time which he earned during his incarceration, leaves only a period of about five (5) months remaining to be served. Petitioner takes the position that the good time he earned is credited as payment of his sentence just as if he spent the time in confinement, and it would be a violation of his constitutional rights to force him to "serve this time all over again." This contention is entirely without merit and has been rejected on numerous occasions by the appellate courts. It is clear that the statutory good time commutation credits reduce merely the time of confinement, and not the term of the sentence. Good time allowances only enable the prisoner to spend the latter part of his sentence outside of the prison walls, contingent upon the prisoner's adherence to the conditions of his release. Frierson v. Rogers, 5th Cir. 1961, 289 F.2d 234; Miller v. Taylor, 10th Cir. 1962, 313 F.2d 21.

Petitioner next asserts, relying upon Hunter v. Facchine, 10th Cir. 1952, 195 F.2d 1007, the amount of good time to be credited against the period of his confinement must be "credited as earned and computed monthly." Therefore, as Petitioner was actually incarcerated four (4) years and seven (7) months, he could have earned and been credited with no more than approximately 440 days of statutory good time. Only the amount thus "earned" could properly be forfeited by the Board of Parole for Petitioner's violation of the conditions of his release, rather than the 525 days arrived at by the prison authorities method of computation. In effect, the Petitioner is contending that he was released prior to the time authorized by the statute, and that he should be given credit for actually having served the amount of time by which he was "prematurely" released.

■ By Public Law 86–259, enacted by Congress in 1959, 18 U.S.C.A. § 4161 was amended by eliminating the words "to be credited as earned and computed monthly." Thus, it is clear that the prison authorities, since 1959, are not limited, when computing good time, to giving credit for the period of time actually spent in confinement, but may use the method applied to the Petitioner in this instance—that is, statutory good time is credited for the entire term of the sentence, giving the prisoner the benefit of the presumption that he would not forfeit any good time were he required to serve the entire term of his sentence.

■ However, Petitioner contends that since he was sentenced in 1958, prior to the enactment of the amendment to Sec. 4161, the method of calculation set forth in Hunter v. Facchine must be applied in his case. But even assuming that the 1959 amendment to Sec. 4161 is not applicable to Petitioner, his contention that he is entitled to credit for the number of days of his "premature" release is clearly without merit. The relevant statutes and the decisions of the appellate courts make it plain that a condi-

tional release violator can be required to serve not only the good time earned and forfeited by his violation, but also any additional portion of his sentence remaining unserved. 18 U.S.C.A. § 4207; Wooten v. Wilkinson, 5th Cir. 1959, 265 F.2d 211; Yates v. Looney, 10th Cir. 1958, 250 F.2d 956.

■■ Petitioner next and finally asserts that the action of the prison authorities in aggregating the two sentences and treating them as a single six (6) year term for the purpose of calculating his statutory good time is illegal. Petitioner contends that the one (1) year sentence began to run not at the expiration of the full five (5) years to which he was originally sentenced, but rather at the end of the five years less the amount of good time he had earned considering the five year term independently. In other words, the one year term commenced on the date that Petitioner would have been eligible for mandatory release had he not received the additional sentence for escape. Under this theory, while serving the one year term Petitioner would also be receiving credit toward the period of his mandatory release from his original five year sentence. This contention is likewise without legal foundation. It is well settled under the provisions of the mandatory release statutes that consecutive sentences are considered as a single term consisting of an aggregate of such sentences for the purpose of computing good time allowances under said statute. 18 U.S.C.A. § 4161; Downey v. Taylor, 10th Cir. 1964, 327 F.2d 660; United States ex rel. Johnson v. O'Donovan, 7th Cir. 1949, 178 F. 2d 810; Eori v. Aderhold, 5th Cir. 1931, 53 F.2d 840.

The Court finds no error in the method by which prison authorities have calculated Petitioner's statutory good time, or in the computation of the sentences imposed upon him as a mandatory release violator. Therefore, Petitioner's maximum release date is correctly computed as March 16, 1966, with the date of his actual release depending on the amount of good time earned and retained in the future.

Petitioner's Petition for Writ of Habeas Corpus being wholly without merit will be in all things denied.