Robert L. McMILLAN, Petitioner,

v.

J. J. PARKER, Warden, U. S. Penitentiary, Lewisburg, Pa., Chairman, U. S. Board of Parole, Washington, D. C. and Mr. Faulkner, U. S. Probation Officer, Baltimore, Maryland, Respondents.

No. 761.

United States District Court
M. D. Pennsylvania.

May 23, 1966.

Petitioner, pro se.

Bernard J. Brown, U. S. Atty., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for respondents.

FOLLMER, District Judge.

Robert L. McMillan, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed a petition for Writ of Habeas Corpus. He challeng-

**366**

es the validity of his custody under a mandatory release violator's warrant.

On April 24, 1953, the petitioner received a fifteen year sentence in this District for the crime of bank robbery. On March 31, 1962, he was mandatorily released from the United States Penitentiary, Lewisburg, Pennsylvania, with 2215 days of the maximum sentence unserved. Before his release and at the time of his release, the petitioner refused to sign the certificate of mandatory release, objecting to certain conditions. He was advised at that time that the conditions of release still applied.

On November 23, 1965, the United States Board of Parole, upon information that petitioner had violated the conditions of release, issued a warrant for his arrest, which writ was executed on December 6, 1965. On December 6, 1965, petitioner admitted that he had violated one or more of the conditions of release. He was committed to the United States Penitentiary, Lewisburg, Pennsylvania, to serve the unexpired sentence of 2215 days, as a mandatory release violator.

Petitioner contests the constitutionality of his incarceration claiming that since he did not sign the certificate of mandatory release, he did not agree to it, and he cannot be incarcerated for violation of the conditions of said release. It is also asserted that "earned good time cannot be taken away" and that in any event his sentence expires on April 24, 1968 instead of December 29, 1971.

Under 18 U.S.C. § 4163, a prisoner is mandatorily released at the expiration of his term of sentence less the time deducted for good conduct. Upon release under 18 U.S.C. § 4163, a prisoner is "deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." 18 U.S.C. § 4164. And 18 U.S.C. § 4205 provides that where a prisoner has violated his parole and is retaken, "the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

In Singleton v. Looney, 218 F.2d 526, 528 (10 Cir. 1955), the Court stated:

"* * * The conditions of the release are as mandatory as the right to the release itself based upon the statutory good-time deductions. And the incidence of the conditions may not be forestalled by mere dissent of the prisoner. * * *"

It is apparent that the petitioner understood the conditions of the release, which conditions were read and explained to him. The mere fact that petitioner did not sign the certificate of mandatory release will not relieve him of the conditions imposed on said release. This was not a contract, as the petitioner asserts, which required his signature to create an obligation to comply with the conditions of the release. His release was subject to those conditions regardless of whether the certificate was signed or not. See Gould v. Taylor, 153 F.Supp. 71 (M.D.Pa.1957).

Petitioner admitted violating the conditions of his mandatory release by leaving the District and associating with undesirable individuals, thus curtailing his liberty by his own acts. Good time allowances do not reduce a sentence but only enable a prisoner to serve part of the sentence outside the prison walls and they may be forfeited by his conduct after release. Miller v. Taylor, 313 F.2d 21, 22 (10 Cir. 1962). Although a prisoner is mandatorily released, he is still subject to the original sentence. By his admitted violation of the conditions of release, petitioner forfeited his good time allowances and there is no merit in his allegation that his sentence should expire on April 24, 1968.

Accordingly, the petition for Writ of Habeas Corpus must be denied.