George E. McTYRE, Appellant,

v.

Gerald E. PEARSON, Prosecuting Attorney of the Second Judicial Circuit of Arkansas, Appellee.

No. 20272.

United States Court of Appeals, Eighth Circuit.

Dec. 17, 1970.

Jack Lessenberry, Little Rock, Ark., filed briefs for appellant.

Joe Purcell, Atty. Gen., and Mike Wilson, Asst. Atty. Gen., Little Rock, Ark., filed brief for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by petitioner McTyre from final order of the District Court

dismissing his petition without prejudice. Petitioner in his pro se petition sought a dismissal of charges of forgery and uttering pending against him in the Arkansas State court upon the ground petitioner had been denied his federal Sixth Amendment right to a speedy trial.

Petitioner at times here material was serving a federal sentence at the Federal Correctional Institution at Texarkana, Texas.

Petitioner sets out the following chronological résumé of material events:

"McTyre sentenced and confined at F. C.I., Texarkana, Texas. [Warrant of court.]

April 14, 1969 State detainer received and filed at F.C.I.

May 19, 1969 State charges filed in Clay County Circuit Court, Arkansas.

May 16, 1969 Motion for Speedy Trial filed in Clay County Circuit Court.

September 9, 1969 Motion to Dismiss filed by McTyre in Clay County Circuit Court for failure to prosecute.

November 13, 1969 Motion to Dismiss filed by McTyre in the Supreme Court of Arkansas reciting inaction of Clay County Circuit Court.

January 5, 1970 Writ of habeas corpus ad prosequendum filed by Prosecuting Attorney requesting that McTyre be made available for State trial in Clay County Circuit Court.

January 13, 1970 Prosecuting Attorney notified of McTyre's availability subject to the tender of fees to the U. S. Marshal.

February 3, 1970 Filing of McTyre's Petition to Dismiss in the U. S. District Court.

February 25, 1970 Answer of Prosecuting Attorney filed in U. S. District Court.

April 15, 1970 Order of U. S. District Judge denying McTyre's Petition.

May 25, 1970 Appeal of McTyre filed in U. S. Court of Appeals.

May 28, 1970 Counsel appointed for McTyre by U. S. Court of Appeals.

June 1, 1970 Motion for Stay by State Court proceedings tendered by McTyre in U. S. Court of Appeals.

June 2, 1970 Trial in Clay County Circuit Court, verdicts of guilty and sentencing totaling thirty years."

The trial court in its opinion recognized that a serious question existed with respect to its jurisdiction in the present situation where the petitioner is confined outside of the territorial jurisdiction of the court in which the action is brought. The Supreme Court in Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578, recognized the conflict between the circuits on the jurisdiction issue but chose not to resolve such conflict in the case before it. The Court suggests at fn. 5 that the logical solution of the problem is an appropriate amendment to 28 U.S.C.A. § 2241.

Like the trial court, we find it unnecessary and undesirable to rest dismissal on the jurisdictional grounds.

The trial court as a basis for dismissing the complaint without prejudice states:

"The Court thinks that the proper course to pursue in this case is to dismiss the petition without prejudice to future action should petitioner not be brought to trial in Clay County during the June 1970 term of the Circuit Court. If he is brought to trial during that term he will be free to contend in the Circuit Court that he has already been denied the 'speedy trial' to which he is constitutionally entitled."

We affirm the dismissal without prejudice.

The petitioner in his brief at appendix B sets out certified copies of judgment of conviction of defendant by a jury on June 2, 1970, on six charges of forgery and uttering on each of which he was sentenced to five years imprisonment.

Thus it appears petitioner's State trial was held within thirteen months after the filing of the charges.

■ It is well-established that the Sixth Amendment right to a speedy trial is enforceable against the states by virtue of the Fourteenth Amendment. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607; Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1.

■ The principles applicable to this resolution of the speedy trial issue are well summarized by Mr. Justice Blackmun while a member of this court in Hodges v. United States, 408 F.2d 543, 549–551. Each case must be determined upon its own facts and circumstances. Upon the basis of the *Hodges* standards, petitioner is entitled to no relief. The State court motion to dismiss was filed in the State trial court less than four months after the charges were filed. The petition in the federal court was filed within nine months from the filing of the State's charges. Clearly such a delay standing alone would not as a matter of law constitute a denial to the petitioner of a speedy trial. See United States v. DeLeo, 1 Cir., 422 F.2d 487, 494.

Petitioner's incarceration in a federal prison serving a federal sentence imposes some obstacles on a state prosecution. A petition for writ of habeas corpus ad prosequendum for the production of the petitioner in the Clay County, Arkansas, court was filed in January 1970. The Bureau of Prisons advised that the writ would be honored if issued, subject to the requirement that the County provide $250 to cover the costs of transportation and custody of the prisoner while away from the Federal prison. The raising of such deposit caused some delay.

Only two terms of court were held each year, one in January and one in June. The January term expired before arrangements could be completed for petitioner's production.

Defendant had a full opportunity to raise the denial of a speedy trial issue in his State trial resulting in his conviction, with a right of appeal to the State Supreme Court, and a right to petition the United States Supreme Court for certiorari.

■ Proper relations between state and federal courts require that state courts be given a fair opportunity to pass upon constitutional issues. Needel v. Scafati, 1 Cir., 412 F.2d 761, 766. Petitioner's premature State motion did not afford such opportunity. The failure of the State trial court to act on petitioner's premature motion to dismiss does not constitute a final State action on the Sixth Amendment speedy trial issue. Said issue remained open for consideration at petitioner's State trial held in June 1970. Petitioner had a right to have any error by the State trial court reviewed by the State Supreme Court and also had a right to apply to the Supreme Court for certiorari on the constitutional issue.

■■ Petitioner urges counsel should have been appointed to represent him in the federal District Court. Appointment of counsel in federal habeas corpus proceedings is discretionary. Such proceedings are not a part of the criminal trial. Defendant is of course entitled to counsel in his criminal trial and appeal therefrom. The dismissal of the petition in no way violated any constitutional right of petitioner. The constitutional issue asserted is preserved for full consideration by the State court.

By reason of our determination that petitioner's present action is premature, we do not reach the issue of burden of proof of prejudice.

The judgment is affirmed.