Larry V. COOPER, Petitioner,

v.

UNITED STATES BOARD OF PAROLE
and "U. S. Attorney General,"
Respondents.

No. LR-71-C-246.

United States District Court,
E. D. Arkansas, W. D.

Feb. 4, 1972.

Larry V. Cooper, pro se.

W. H. Dillahunty, U. S. Atty., E. D. Ark., Little Rock, Ark., for respondents.

Memorandum Opinion

HENLEY, Chief Judge.

This habeas corpus or injunction proceeding brought by Larry V. Cooper, a resident of Vilonia, Faulkner County, Arkansas, against the United States Board of Parole and the Attorney General of the United States, raises the recurring question of the validity of the

provisions of 18 U.S.C.A., section 4164, under the terms of which a federal convict mandatorily released from prison on account of good time allowances under 18 U.S.C.A., sections 4161 and 4163 occupies the position of a parolee until the full term of his sentence or sentences, less 180 days, expires. Such an individual is said to have been "conditionally released" from confinement, and during the period of his conditional release he is subject to parole supervision and to the restrictions generally imposed upon parolees; if he commits a crime or is guilty of serious misconduct or of failure to abide by the rules and regulations of the Board of Parole, his parole may be revoked, and he may be returned to prison to complete the service of his original term.

█ Respondents do not question the right of petitioner to maintain the action, nor do they contend that proper parties are not before the Court. Their position is that the petition does not state a claim upon which relief can be granted, and they have moved to dismiss the petition. Since the motion is supported by an affidavit of Steve D. Johnston, Acting Parole Executive, United States Board of Parole, the Court will treat the motion as one for summary judgment, and considers that it is resisted by petitioner.

█ Petitioner has asked that counsel be assigned to represent him. The appointment of counsel for an indigent person in a case of this kind is discretionary with the Court, McTyre v. Pearson, 8 Cir., 1970, 435 F.2d 333, and the Court does not consider that the appointment of counsel in this case would serve any useful purpose.

The Court has given careful consideration to the questions presented and has concluded that the motion of respondents should be granted and that the petition should be dismissed. However, some discussion is not inappropriate.

Historical facts are not in dispute. In 1967 petitioner received federal prison sentences aggregating seven years in the United States District Court for the Southern District of Texas. In the fall of 1971 petitioner was confined in the Federal Correctional Institution at Texarkana, Texas. On November 24 of that year be become entitled to mandatory release under section 4163 and was released. He refused to sign a statement recognizing his parolee status under section 4164. As soon as he was released from prison, he proceeded to Arkansas and filed the instant petition, which was actually prepared in the correctional institution in anticipation of section 4163 release. The Court is advised by local parole authorities that petitioner has refused to submit to parole supervision, and, indeed, it appears that in view of the pendency of this suit the Parole Board has not made much effort to exercise jurisdiction over petitioner.

In a capsule petitioner's position is that when a federal prisoner earns enough good time to be entitled to release under section 4163, the release to which he is entitled is absolute and unconditional, and that he cannot lawfully be held in a parole status after his release. As will be seen, his position cannot be sustained.

### I.

Substantial allowances on sentences based on convict good behavior and conformity with prison rules and regulations have been a characteristic of the federal penal system for well over one hundred years. Such allowances seem first to have been made by the Act of March 2, 1867, 14 Stat. 424, which allowed a good time allowance of a month on each year of sentence; that enactment was carried forward into the Revised Statutes of 1878, R.S. § 5543. The Act of June 21, 1902, 32 Stat. 397, provided for the allowance of a certain number of days per month as good time with the allowances varying directly with the length of sentence and providing for the aggregating of consecutive

sentences for the purpose of calculating good time. By section 8 of the Act of May 27, 1930, 46 Stat. 492, federal prisoners employed in prison industries or work camps became entitled to receive additional allowances of good time, which allowances are generally called "industrial good time" as contrasted to basic good time allowances which are usually referred to as "statutory good time."

As the law stood prior to the passage of the Act of June 29, 1932, 47 Stat. 381, when a prisoner's sentence, less good time, expired, his release was unconditional; and the 1867 statute, the Revised Statutes, and the 1902 statute all referred to good time allowances as "deductions" from sentences.

Section 2 of the 1932 Act reenacted the statutory good time provisions of the 1902 statute, and those provisions are to be found today in 18 U.S.C.A., section 4161. The "conditional release" procedure that now obtains and of which petitioner complains came into the law as section 4 of the 1932 Act and now appears, with some amendment, as 18 U.S.C.A., section 4164. The requirement for mandatory release upon the requisite amount of good time having been earned appears in 18 U.S.C.A., section 4163, which goes back to R.S. § 5543 which has been mentioned.

Perhaps unfortunately, the 1932 statute and later codifications borrowed some language from the earlier statutes including the references to good time allowances as "deductions" from sentences.

Section 4161 provides that a federal prisoner who has faithfully observed all of the rules of the prison and has not been subjected to punishment "shall be entitled to a deduction from the term of his sentence" at the rate of so many days per month with the rate varying directly with the length of his sentence.

If a prisoner is serving cumulative sentences, they are aggregated for the purpose of computing good time.

Section 4163 says: "Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. . . ." The "Except as hereinafter provided . . ." is to be found in section 4164 which in pertinent part is as follows: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." [1]

## II.

Federal prisoners naturally have no quarrel with the provisions of sections 4161 and 4163 except to the extent that they may claim that the good time allowances of section 4161 ought to be more liberal. Their complaints relate to section 4164.

Due to the bizarre ideas as to the law entertained by many inmates and inmate "writ writers," attacks on section 4164 take various forms some of which involve arguments that are plainly frivolous. Regardless of the language in which particular attacks on section 4164 may be couched, the fundamental positions of persons situated as is petitioner here would seem to be:

1. That when a prisoner earns entitlement to release under sections 4161 and 4163, his good time becomes "vested" and cannot be taken away on account of subsequent misconduct or failure to comply with Parole Board requirements.

2. That the earning of good time under section 4161 effects a "reduction" of the sentence or sentences originally imposed, and that section 4164 is in illegal

1. As a parolee a person conditionally released is subject to the restrictions and procedures set out in Chapter 311 of the Criminal Code relating to parole. 18 U.S.C.A. § 4201 et seq.

conflict with the preceding sections. To put it another way, the argument is that Congress cannot give with one hand and take away with the other.

3. That section 4164 is unconstitutional.

4. That in any event an inmate about to be released under section 4163 can avoid the impact of section 4164 by refusing to sign the statement of intended compliance with that section that he is requested to sign immediately prior to his release. As has been seen, petitioner in this case refused to sign the requested statement.

■■■■ All of those contentions and variants of them have been rejected judicially. It is now settled beyond question that section 4164 is constitutional, that a federal prisoner does not have a vested right in earned good time, that the good time earned does not operate to "reduce" his original sentence, that section 4163 and section 4164 must be read together and that there is no conflict between them, and that it makes no difference whether the prisoner signs or refuses to sign the statement proffered to him by prison authorities prior to his release under section 4163.

The issues presented here do not differ in principle from those that were before the Court in Brooks v. United States, E.D.Ark., 1969, LR–69–C–53, no opinion for publication. In that case the Court said:

"While section 4161 states that there is to be a deduction from the 'term of (the) sentence' to the extent that good time is allowed, and while that section might give some support to petitioner's theory if read by itself, it is not to be so read. It must be read in connection with section 4164

which provides that a conditionally released prisoner occupies the status of a parolee until such maximum sentence less 180 days expires.

" . . . (I)t is well settled that the allowance of statutory good time does not operate to reduce a prisoner's sentence; it simply advances his release date. Miller v. Taylor, 10 Cir., 313 F.2d 21; Miller v. Taylor, 10 Cir., 290 F.2d 8; Lopez v. Madigan, N.D.Cal., 179 F.Supp. 742, aff'd 9 Cir., 273 F.2d 617. That means that when petitioner was released from prison he was subject to the supervision of the Board for 1460 less 180 days from his release date. . . . "

Illustrative appellate decisions are: Blanchard v. United States, 5 Cir., 1970, 433 F.2d 13; Garnett v. Blackwell, 5 Cir., 1970, 423 F.2d 1211; Williams v. Ciccone, 8 Cir., 1969, 415 F.2d 331; Desmond v. United States Board of Parole, 1 Cir., 1968, 397 F.2d 386; Wright v. Settle, 8 Cir., 1961, 293 F.2d 317; Welch v. Taylor, 10 Cir., 1961, 292 F.2d 481; Sprouse v. Settle, 8 Cir., 1960, 274 F.2d 681; Masterson v. Lindsay, 4 Cir., 1955, 219 F.2d 236; Singleton v. Looney, 10 Cir., 1955, 218 F.2d 526.

An order denying the petition will be entered. If petitioner desires to appeal from that order to the United States Court of Appeals at St. Louis, Missouri, he should tender to the Clerk a notice of appeal and an application for a certificate of probable cause within 30 days from the date of the order. If he desires to appeal in forma pauperis, he should accompany his notice and application with an affidavit to the effect that he is without funds or property with which to pay appellate costs or to give security therefor.