**Radames BURGOS, Jr., Plaintiff,**

v.

**UNITED STATES BOARD OF PAROLE et al., Defendant.**

**No. 73 C 152.**

United States District Court,
N. D. Illinois, E. D.

May 21, 1973.

Radames Burgos, Jr., pro se.

James R. Thompson, U. S. Atty., and James H. Alesia, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This is a petition for a declaratory judgment and temporary restraining order brought by the plaintiff, Radames Burgos, Jr., against the defendant, the United States Board of Parole. The plaintiff, appearing pro se, alleges that 18 U.S.C. Section 4164 is unconstitutional, that his "good time" allowance under 18 U.S.C. Sections 4161, 4162 is vested, and that he has been given a mandatory release and as such is not subject to the rules and regulations of the United States Board of Parole.

The plaintiff was sentenced on October 21, 1969, by the United States District Court for the Northern District of Illinois to five years on each of Counts I and II of an information charging violation of 26 U.S.C. Section 4704(a). The sentences were to run concurrently. On October 26, 1972, the plaintiff was paroled on mandatory release, pursuant to 18 U.S.C. Sections 4161, 4162, but refused to execute the mandatory release agreement. Subsequently the plaintiff

filed this petition in the United States District Court for the District of Columbia. A motion for a temporary restraining order was denied. The defendant filed a motion to transfer this action in accordance with 28 U.S.C. Section 1404(a). The Court transferred the action on December 13, 1972, to the United States District Court for the Northern District of Illinois and gave the defendant sixty days to respond to the petition. The defendant has filed a motion to dismiss this action for a declaratory judgment, pursuant to Rule 12 (b)(6), or in the alternative for a summary judgment, pursuant to Federal Rules of Civil Procedure, Rule 56.

■■ Eighteen U.S.C. Section 4164 expressly provides that a "good time" releasee shall "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." Furthermore, the law is well settled that the "good time" allowance does not reduce the period of the original sentence, but instead determines how much of the sentence must be spent within the confines of prison, McKinney v. Taylor, 358 F.2d 689 (10th Cir., 1966); Kelly v. Goodwyn, 239 F.Supp. 269 (E.D. Tex., 1965), and that the releasee's serving of his sentence outside of prison on "good time" release is not vested, but rather is subject to forfeiture for his conduct before the full term of the sentence has expired. Kelly v. Goodwyn, *supra*; Coronado v. United States Board of Parole, 303 F.Supp. 399 (S.D.Tex., 1969); Jones v. Moseley, 319 F.Supp. 455 (D.Kan.) aff'd. 434 F.2d 655 (10th Cir., 1970). Therefore, the plaintiff's arguments that his "good time" release is vested and that he is not subject to the rules and regulations of the United States Board of Parole are clearly without merit.

■ The plaintiff also places significance on the fact that he did not execute the Certificate of Mandatory Release so as to voluntarily place himself under the supervision of the Board of Parole. However, as the Court stated in Robin-son v. Willingham, 369 F.2d 688, 689 (10th Cir., 1966):

> Congress has fixed the conditions attached to a mandatory release and those conditions are not effected by the releasee signing or failing to sign a release agreement.

*Accord,* McMillan v. Parker, 254 F.Supp. 365 (M.D.Pa., 1966), aff'd. 378 F.2d 444 (3d Cir., 1967); Hicks v. Reid, 90 U.S. App.D.C. 109, 194 F.2d 327, cert. denied, 344 U.S. 840, 73 S.Ct. 51, 97 L.Ed. 653 (1952); Weathers v. Willingham, 356 F.2d 421 (10th Cir., 1966).

■ The plaintiff also attacks the constitutionality of 18 U.S.C. Section 4164, in effect maintaining that this provision inflicts a "double punishment" and that it is an *ex post facto* law, in contravention of the Fifth Amendment and Article I, Section 9, respectively. The constitutionality of this statute, however, has been consistently upheld. Desmond v. United States Board of Parole, 397 F.2d 386 (1st Cir.) cert. denied, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968); Masterson v. Lindsay, 219 F.2d 236 (4th Cir., 1955); Singleton v. Looney, 218 F.2d 526 (10th Cir., 1955). As the Court states in *Desmond,* 397 F.2d at 391:

> . . . [A]ppellant contends, since a mandatory releasee has earned his right to walk out of prison, he cannot be subjected to the conditions imposed on a parolee. Obviously, however, this is precisely what Congress specified. . . . We cannot say that Congress, in affording prisoners relief from service of time in prison, cannot impose conditions, subject to reasonable rules and regulations, governing the continued freedom from incarceration of a reliance.

This Court finds these decisions persuasive. The requirement of Section 4164 that the plaintiff is subject to the supervision of the Board of Parole does not exact a "double punishment" of the plaintiff. Rather it merely determines the method by which the single original sentence must be served.

Equally without validity is the plaintiff's assertion that Section 4164 is an *ex post facto* law. The definition of an *ex post facto* law includes "every law that changes the punishment and inflicts a greater punishment, than the law annexed to the crime when committed." Calder v. Bull, 3 Dall. 386, 390, 3 U.S. 386, 390, 1 L.Ed.2d 648 (1798). However, as the defendant observed, the prohibition against *ex post facto* laws is only relevant when the law is promulgated or changed after a person has committed a crime. Graham v. Thompson, 246 F.2d 805 (10th Cir., 1957). There is absolutely no indication in the instant case that Section 4164 was changed or promulgated subsequent to the plaintiff's commission of the aforementioned offenses. Therefore, the provision is not an *ex post facto* law as to the plaintiff.

For the foregoing reasons, the plaintiff's allegations are without merit and his petition for a declaratory judgment should be dismissed. Accordingly, the defendant's motion under Federal Rules of Civil Procedure 12(b)(6) for dismissal is granted.