**Robert L. DONAHUE, etc., Plaintiff,**

**v.**

**UNITED STATES PAROLE COMMIS-
SION, Federal Bureau of
Prisons, Defendants.**

**No. 85-0493-Civ.**

United States District Court,
S.D. Florida.

March 12, 1985.

Maria Arista-Volsky, Asst. U.S. Atty., Miami, Fla., for defendants.

B. Douglas Hind-Marsh, Miramar, Fla., for plaintiff.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING MOTION FOR DISCHARGE FROM SENTENCE AND DISMISSING THE INSTANT ACTION

ARONOVITZ, District Judge.

THIS CAUSE came on for a hearing before the Court upon Plaintiff's (1) Motion for Temporary Restraining Order (filed February 22, 1985) and (2) Motion for Discharge from Sentence (filed February 22, 1985). The Court heard argument by counsel and considered the motions, the supporting and opposing memoranda filed thereto, the pertinent portions of the record, the applicable law, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for a Temporary Restraining Order (filed February 22, 1985), be, and the same is, hereby DENIED on the face of the papers as a matter of law.

2. Plaintiff's Motion for Discharge from Sentence (filed February 22, 1985), be, and the same is, hereby DENIED. Caselaw and rules of statutory interpretation make it clear that the instant motion must be denied pursuant to 18 U.S.C. § 4163 and 18 U.S.C. § 4164.

Plaintiff seeks a Certificate of Discharge from the sentence imposed upon him by the United States District Court for the Eastern District of New York for his conviction on April 22, 1982. He claims entitlement to Certificate of Discharge by virtue of having been discharged on mandatory release on February 1, 1985. Plaintiff argues that under 18 U.S.C. § 4163, he has served his entire four-year sentence less the "good time" award of a reduction by four hundred and seventy-five (475) days, pursuant to 18 U.S.C. § 4161 and 18 U.S.C. § 4162. Plaintiff was granted 475 statutory and extra good time days as a reward for his continued good conduct and work. Accordingly, Plaintiff argues that his constitutional rights would be violated if he is forced to adhere to the terms and conditions imposed by the Parole Board as a condition of his release. Plaintiff more specifically argues that he should not be subject to the terms and conditions of Section 4164 because they are unconstitutional and *ex post facto* as applied to him.

■ Sections 4163 and 4164 must be read *in pari materia. Robinson v. Willingham,* 369 F.2d 688 (10th Cir.1966); *Cooper v. United States Board of Parole,* 337 F.Supp. 235 (E.D.Ark.1972). Section 4163 provides in pertinent part:

Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper. . . .

Section 4164 provides:

A prisoner having served his term or terms less good-time deduction shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

■ Cases which construe the operation of these two statutes squarely hold that this statutory language means precisely what it says. A prisoner released as a mandatory release is subject to the same conditions of release as a parolee. *Coronado v. United States Board of Parole,* 540 F.2d 216 (5th Cir.1976); *Humphrey v. U.S. Board of Parole,* 438 F.2d 1214 (3d Cir.1971); *Robinson, supra; Burgos v. United States Board of Parole,* 360 F.Supp. 316 (N.D.Ill.1973); *Cooper, supra.* There is nothing constitutionally infirm about imposing parole conditions upon persons like Plaintiff DONAHUE who are released under mandatory release for good time. As the Fifth Circuit Court of Appeals articulated in *Coronado:*

The argument that the attachment of parole-type conditions under 18 U.S.C. § 4164 to a prisoner freed under the mandatory release provisions of 18 U.S.C. 4163, without more, constitutes a violation of the double jeopardy clause of the fifth amendment or is otherwise unconstitutional is meritless.

540 F.2d at 218.

■ Moreover, Plaintiff's refusal to sign his Certificate of Mandatory Release is irrelevant to his being subject to the terms and conditions enunciated therein. Congress has fixed the conditions attached to a mandatory release and those conditions are not affected by the failure or refusal of the releasee to sign the release agreement. *Robinson, supra; Burgos, supra.*

■ Finally, Plaintiff's additional argument that 18 U.S.C. § 4164 is unconstitutional and *ex post facto* as applied to him is also without merit for the reason that Section 4164 was not changed or promulgated after the commission of the offense by Plaintiff. The *ex post facto* contention was addressed by the Court in *Harris v. United States Board of Parole,* 429 F.Supp. 199, 201 (E.D.Okla.1977), wherein it was stated:

The contention that 18 U.S.C. § 4164 is an ex post facto law was specifically rejected in *Burgos,* (citation omitted):

"Equally without validity is the plaintiff's assertion that Section 4164 is an ex post facto law. The definition of ex post facto includes 'every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed.' *Calder v. Bull,* 3 Dall. 386, 390, 3 U.S. 386, 390, 1 L.Ed. 648 (1798). However, as the defendant observed, the prohibition against ex post facto laws is only relevant when the law is promulgated or changed after a person has committed a crime. *Graham v. Thompson,* 246 F.2d 805 (10th Cir. 1957). There is absolutely no indication in the instant case that Section 4146 was changed or promulgated subsequent to the plaintiff's commission of the aforementioned offense. Therefore, the provision is not an ex post facto law as applied to the plaintiff."

For all of the above-stated reasons which caselaw overwhelmingly supports as well as for all the reasons set forth by the Court in its *ore tenus* ruling announced at the conclusion of the hearing on the instant motions held March 1, 1985, the Motion for Discharge from Sentence must be denied. The Court further notes that no authority was cited by Plaintiff in support of his position either in his initial papers or at oral argument.

3. The Court hereby DISMISSES the instant action pursuant to the ruling herein.